THOMAS, M.K., J.,
concurs with opinion.
I agree with the disposition on the merits. However, I write to clarify that, under these facts, rule 9.310(f), Florida Rule of Appellate Procedure, is not the correct procedural vehicle to secure review of the Judge of Compensation Claims’ order denying a stay of proceedings.
Appellant filed a Motion for Review of the JCC’s order denying its motion to stay proceedings. The motion acknowledged that a prior final merits order of the JCC in this case remains pending before this Court. In the interim, another final hearing is scheduled to occur on March 9, 2017, as a result of the filing of subsequent Petitions for Benefits, not the subject of the order pending on appeal. Appellant’s purpose in filing the subject Motion for Review is to challenge the JCC’s denial of its request for a stay of all proceedings and for cancellation of the upcoming March 9, 2017, final hearing, pending appellate resolution of the prior merits order.
Here, Appellant seeks not to stay a final or non-final order pending review, but rather seeks a stay of all further proceedings pending review of a previously appealed merits order. Rule 9.310, Florida Rule of Appellate Procedure, is not applicable, as it provides in pertinent part:
(a) Application. Except as provided by general law and in subdivision (b) of this rule, a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its *607 discretion, to grant, modify, or deny such relief,..
(Emphasis added.) Rather, a request of the JCC for a stay of proceedings until resolution of issues raised by a previous order pending appeal is procedurally appropriate under rule 60Q-6.115, Florida Rules of Procedure for Workers Compensation Adjudications, and rules 9.180(c)(1) and 9.190(e)(3)&(4), Florida Rules of Appellate Procedure. Appellate review of the resulting JCC’s order is governed by rule 9.100(c)&(e), Florida Rule of Appellate Procedure.